CRINGAN, WATKINS & COMPANY vs. SMITH, trustee.

[Jackson, C. J., not presiding, on account of providential cause.]

Where, in a claim case, the plaintiff proved that the defendant in *fi. fa.* inherited the land levied on from his father, and that in 1879 it was apportioned to him and he went into possession, and the tenant in possession testified that he rented the land from one I. T. Smith; that he thought it belonged to the defendant in *fi. fa.*, and never heard that it belonged to defendant's wife until this case began, when it was claimed by Smith as her trustee, this was sufficient to put the claimant on proof of his title; and it was error to dismiss the levy on motion.

January 12, 1886.

Claims. *Onus Probandi.* Before Judge CARSWELL. Jefferson Superior Court. May Term, 1885.

On November 12, 1883, Cringan, Watkins & Company recovered judgment against L. W. Perdue, and a *fi. fa.* issued thereon and was levied, on September 16, 1884, on certain land, to which I. T. Smith, as trustee for Mrs. Annie E. Perdue (the wife of the defendant in *fi. fa.*), interposed a claim. The evidence is sufficiently stated in the decision. At the close of the testimony for the plaintiffs, the court, on motion, dismissed the levy, and the plaintiffs excepted.

PHILLIPS & WYNNE, for plaintiffs in error.

CAIN & POLHILL; GAMBLE & HUNTER, for defendant.

BLANDFORD, Justice.

This was a claim case. The plaintiff proved that the defendant in *fi. fa.* inherited the land levied on from his father; that in 1879 it was apportioned to him, and he went into possession. It was further shown by the tenant in possession that he rented the land from I. T. Smith, and he thought the land belonged to L. W. Perdue, defendant in execution; that he never heard that it belonged

v 76-4

to Perdue's wife until this case started. The plaintiff having closed, the court dismissed the levy, on motion of claimant's counsel, and this is excepted to by plaintiffs, and error is assigned thereon.

We think the plaintiff in execution made such a case by his proofs as to put the claimant upon proof of his title; title was shown to be in defendant in execution. The tenant of the claimant always understood that the land belonged to defendant in execution until after this litigation arose. Now let the claimant step to the front and show his title; if he fails to do so, the land is subject. So it follows that the judgment of the court dismissing the levy is error.

Judgment reversed.